UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST NOMINAL DEFENDANTS (DKTS. 31, 35)**

**I.     Introduction**

Denise Shuler ("Plaintiff") brought this action in the Los Angeles Superior Court both in her personal capacity and as a successor in interest on behalf of Frances Ann Riedel ("Frances").[1] The action seeks relief against EmeriCare Inc., *dba* Brookdale San Dimas ("EmeriCare") and Brookdale Living Communities, Inc. ("Brookdale") (jointly, "Defendants"). Ex. A to Notice of Removal, Complaint, Dkt. 1 ("Complaint"). The Complaint advances the following causes of action that arise from the death of Frances: (i) elder abuse and neglect, Cal. Welf. & Inst. Code §§ 15610 *et seq.*; (ii) violation of Patient's Bill of Rights, Cal. Health & Safety Code §§ 1599 and 1276; (iii) wrongful death; (iv) negligent hiring, training and supervision; (v) negligence; and (vi) unfair business practices, Cal. Bus. & Prof. Code § 17200. *Id.* On April 7, 2017, Plaintiff removed the action pursuant to 28 U.S.C. §§ 1332 and 1441. Notice of Removal ("Notice"), Dkt. 1 at ¶ 6.

In the Complaint, Michael Stone ("Stone") and Rani Reidel ("Rani") (jointly, "Nominal Defendants") are named as such. *Id.* The Nominal Defendants are heirs and children of Frances. Plaintiff contends that they were named solely because the wrongful death cause of action is indivisible*, i.e.,* under California law, all known heirs must be joined in a single action. *See* Memorandum In Support of Motion for Entry of Default Judgment, Dkt. 35-1, at 3.

The Nominal Defendants were served with the Complaint. Thus, each executed a "Notice and Acknowledgment of Receipt." Dkt. 35-1, at 2. Because neither timely responded to the Complaint, on May 12, 2017, Plaintiff sought the entry of their defaults by the Clerk of Court. Dkt. 13.Their defaults were entered on May 15, 2017.Dkt. 14. On August 14, 2017, Plaintiff moved for a default judgment of $0 against the Nominal Defendants ("Motion"). Dkt. 35. In support of the Motion Plaintiff has filed a largely identical declaration by each of the Nominal Defendants. Dkt. 35-3; Dkt. 35-4. Each requests that a default judgment be entered against him or her in the amount of $0. Dkts. 35-3 and 35-4.

---

[1] The use of first names to identify those with a common surname is to facilitate the discussion in this Order. No disrespect is intended by the use of this common practice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

After a hearing on the Motion was held on September 11, 2017, it was taken under submission.[2] For the reasons stated in this Order, the Motion is **DENIED**, without prejudice to its renewal at a later time in these proceedings. This result is warranted because the Complaint does not seek any affirmative relief from, or make any claims against, the Nominal Defendants. They are actually potential plaintiffs, who have been named as defendants due to their apparent unwillingness to participate as plaintiffs under the aforementioned rule as to the indivisibility of wrongful death claims. Further, whether to enter a partial judgment in an action is within the discretion of the trial court. However, in the course of these proceedings, including in connection with any settlement process, a renewed request to grant the Motion or similar relief, which is addressed below, may be appropriate. Therefore, as noted, the denial of the Motion is without prejudice.

**II.     Factual and Procedural Background**

The claims advanced in this action arise from the allegedly inadequate care provided by the Defendants to Frances while she was resided at an EmeriCare facility in Los Angeles. Complaint ¶¶ 74-90. Because the details as to these allegations are not relevant to the Nominal Defendants or the Motion, they are not discussed in this Order.

The Complaint was filed on February 24, 2017. Ex. A to Notice of Removal, Complaint, Dkt. 1. On March 10, 2017, Rani executed the aforementioned Notice and Acknowledgment stating that she had been served with the Complaint. Dkt 12; Ex. A to Decl. of Rani Reidel, Dkt. 35-4. On March 13, 2017, Stone executed a parallel document, stating that he had been served with the Complaint. Dkt 12; Ex. A to Decl. of Michael Stone, Dkt. 35-3. Under Fed. R. Civ. P. 12, Rani was required to respond to the Complaint by April 14, 2017; Stone's deadline to do so was April 17, 2017. As noted, neither did so, and their defaults were entered by the Clerk of Court on May 15, 2017. Dkt. 14.

In support of the Motion, Plaintiff presented the Declaration of Mary E. Lockington. Dkt. 35-2. It states that the defaults of the Nominal Defendant have been entered, that neither is an infant or incompetent person; and that neither is in the military. As noted, Plaintiff also filed a Declaration from each Nominal Defendant stating their respective non-opposition to the entry of default judgment in the amount of $0.

**III.    Analysis**

     A.      Legal Standards

          1.      Procedural Requirements for Default Judgment

Local Rule 55-1 requires that a party moving for default judgment submit a declaration or include information with respect to the following: (i) when and against which party default has been entered; (ii)

---

[2] Counsel for both Plaintiff and Defendants were present at the September 11 hearing. The Nominal Defendants were not present, nor were they represented by any counsel. During the hearing, the Court inquired of Plaintiff counsel whether she knew if the Nominal Defendants were represented by counsel in connection with their respective decisions to sign the declarations. Plaintiff counsel responded that she did not represent the Nominal Defendants, and that she did not know whether they have been, or are represented by counsel.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

the identification of the pleading to which default has been entered; (iii) whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (iv) the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521 does not apply; and (v) notice has been provided to the defaulting party, if required by Fed. R. Civ. P. 55(b)(2).

      2.      Legal Standards for Entry of Default Judgment

Fed. R. Civ. P. 55(b) grants discretion to the trial court with respect to whether a default judgment should be entered. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The entry of default does not by itself require granting a motion for a default judgment. The Ninth Circuit has established seven factors that may apply in determining whether a default judgment is appropriate. *Eitel v. McCool*, 782 F.2d 1470, 1471-1472 (9th Cir. 1986). These factors are: (i) the possibility of prejudice to the plaintiff; (ii) the merits of plaintiff's substantive claim; (iii) the sufficiency of the complaint; (vi) the sum of money at stake in the action; (v) the possibility of a dispute concerning material facts; (vi) whether the default was due to excusable neglect; and (vii) the strong policy favoring decisions on the merits. *Id*.

Where, as here, a default has been entered, the factual allegations of the Complaint must be taken as true. *See Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). However, where fewer than all of the defendants are in default, the allegations are to be taken as true only as to the defaulting defendants or as to matters that apply to them. *See Shanghai Automation Instr. Co., Ltd. v. Kuei*, 194 F. Supp. 2d 995, 1000 (N.D. Cal. 2001).

Pursuant to Fed. R. Civ. P. 54(b), "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). Entry of default judgment against fewer than all defendants is discouraged where multiple defendants are jointly liable, *see Frow v. United States*, 82 U.S. (15 Wall) 552 (1872), or where defendants share related defenses, and entering judgment would create the risk of inconsistent judgments. *See In re First. T.D. & Investment, Inc.*, 253 F.3d 520, 532 (9th Cir. 2001).

      B.      Application

            1.      Procedural Requirements

Plaintiff has complied with Local Rule 55-1. Default was entered as to the Nominal Defendants on May 15, 2017. Dkt. 14. The Motion (Dkt. 35) and Plaintiff's Request for Entry of Default (Dkt. 13) both identified the Complaint as the document to which the Nominal Defendants did not respond. Neither Stone nor Rani is an infant, an incompetent person, or currently in the military. Dkt. 35-2, at 2. Furthermore, although it is not required by Local Rule 55-1, each Nominal Defendant signed a declaration in non-opposition to the Motion. Dkts. 35-3, 35-4. In those declarations, each requests that "the Court enter my default judgment in the amount of $0 at this time." *Id.*

            2.      The *Eitel* Factors

The application of the *Eitel* factors is not intuitive here, given the absence of allegations of wrongdoing by

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

either of the Nominal Defendants. As noted earlier, the Nominal Defendants were named in an effort to address the procedural elements of a wrongful death action brought under California law. Complaint ¶ 8; *see also Soltero v. City of Bakersfield*, No. 12-cv-01791-LJO-JLT, 2014 WL 6668799, at *2 (E.D. Cal. Nov. 24, 2014). As a result, all heirs are necessary parties and must be joined in a single wrongful death action. *Soltero*, 2014 WL 6668799, at *2 (citing *Ruttenberg v. Ruttenberg*, 53 Cal. App. 4th 801, 808 (1997)).

With the foregoing limitations in mind, an assessment of the *Eitel* factors is presented.

      a)      The Possibility of Prejudice

Plaintiff had to join the Nominal Defendants in some manner in connection with the wrongful death claim against EmeriCare and Brookdale. *See Ruttenberg*, 53 Cal. App. 4th at 808. Given that the Nominal Defendants did not wish to participate as plaintiffs in the action, Plaintiff would be prejudiced if the requested relief is not granted. Therefore, this factor weighs in favor of granting the Motion.

      b)      The Merits of Plaintiff's Substantive Claim and the Sufficiency of the Complaint

The second and third *Eitel* factors, which concern the merits and sufficiency of the Plaintiff's claims, are irrelevant to the Nominal Defendants. As explained above, these claims are not advanced against the Nominal Defendants. since, as discussed, those claims are not directed at them. Plaintiff will have opportunity to litigate the merits of her claims against EmeriCare and Brookdale independent of the relief sought here; provided, however, issues could be presented as to what rights the Nominal Defendants might later assert if the Motion is not granted. Therefore, this factor is neutral in determining whether the Motion should be granted.

      c)      The Sum of Money at Stake in the Action

Under the fourth *Eitel* factor, default judgment is discouraged when the amount of money at stake in the litigation is "too large or unreasonable in light of defendant's actions." *Truong Giang Corp. v. Twinstar Tea Corp.*, No. 06-cv-03594 JSW, 2007 WL 1545173 (N.D. Cal. May 29, 2007). Once again, this factor does not apply to the Nominal Defendants because no substantive relief is sought from either of them. Indeed, the Motion seeks the entry of a judgment of $0 as to each of them. The Motion instead seeks to conclude the action as to the Nominal Defendants while Plaintiff pursues the claims against the Defendants on the merits. Plaintiff also seeks to protect her own interests as to any potential damages that are recovered from Defendants, *i.e.*, to avoid a claim by one or both of the Nominal Defendants to a right to share in that recovery. Where plaintiffs seek non-monetary relief, this *Eitel* factor weighs strongly in favor of granting default judgment. *Fulton v. Bank of Am.*, No. 16-04870, 2016 WL 7156440, at *4 (C.D. Cal. Dec. 6, 2016). Furthermore, Nominal Defendants have stated their agreement with judgment being entered against them, in the amount of $0. Dkts. 35-3, 35-4. This factor weighs in favor of granting the Motion.

      d)      The Possibility of Dispute Concerning Material Facts

With respect to the fifth *Eitel* factor, because no adverse allegations are made as to either of the Nominal Defendants, this factor does not apply. Therefore, it is neutral in the analysis of balancing all relevant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

factors.

        e)    Whether Default was Due to Excusable Neglect

Each of the Nominal Defendants signed a declaration conceding their respective procedural defaults, and acknowledging their agreement with the request that a default judgment be entered. Dkts. 35-3, 35-4. Therefore, this factor weighs in favor of granting the Motion.

        f)    The Strong Policy Favoring Decisions on the Merits

Collectively, the *Eitel* factors reflect the strong policy preference for deciding claims on the merits. *Eitel*, 782 F.2d at 1472. However, this is not dispositive because Fed. R. Civ. P. 55(b) specifically provides for default judgment as an available form of relief. Further, the entry of default judgment against the Nominal Defendants would not preclude proceedings on the merits of the claims against the Defendants. Therefore, this factor does not weigh against granting the Motion.

    \*        \*        \*

A consideration of the *Eitel* factors as a whole shows that they support granting the Motion. However, in light of the unique issues presented by the purpose of the relief sought, certain additional considerations are warranted in determining the propriety of that result. Those issues are addressed in the discussion that follows.

    3.    Entry of Default Judgment Against Nominal Defendants

EmeriCare and Brookdale are actively litigating the claims in this action. Whether a default judgment should be entered as to some, but not all defendants in an action is addressed by Fed. R. Civ. P. 54(b). It provides that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). As reflected by this language, Rule 54(b) does not preclude the entry of a default judgment as to only certain defendants. Instead, it calls for a careful assessment of the appropriateness of such relief, particularly where it could result inconsistent or irreconcilable judgments in the same case. Thus, "judgment should not be entered in such scenarios until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE: Civil 3D § 2690 (2001).

The Ninth Circuit has also considered this issue. *See First. T.D*, 253 F.3d at 532. There, a bankruptcy trustee filed an action against 132 alleged creditors asserting that their claims were deficient. 88 of the defendants defaulted. *Id.* at 525. Other defendants litigated the claims and prevailed. *Id.* The Ninth Circuit held that the bankruptcy court abused its discretion by entering default judgments against the 88 defendants, because this created judgments inconsistent with those entered in favor of the non-defaulted defendants. *Id.* at 531-32. However, this does not preclude the entry of a default judgment as to some, but not all defendants. *First T.D.* interpreted Rule 54(b) to prohibit the entry of default judgment where multiple defendants have "closely related defenses or are otherwise similarly situated." *Shanghai*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
|---|---|---|---|
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

*Automation*, 194 F. Supp. 2d at 1006-07 (describing the holding in *First T.D.*). Thus, even under the *First T.D.* analysis, Rule 54(b) permits this relief where there is no "just reason for delay." Fed. R. Civ. P. 54(b); *see also Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980).

The Nominal Defendants are not similarly situated to EmeriCare or Brookdale. Instead, on a practical level, they are potential plaintiffs who apparently have elected not to pursue claims against Defendants in connection with the treatment received by Frances. *See Ruttenberg*, 53 Cal. App. 4th at 808; *Watkins v. Nutting*, 17 Cal. 2d 490, 498 (1941) ("although named as defendants," omitted heirs joined to a wrongful death suit "are, in reality, plaintiffs in the case."). This procedural posture offers a "just reason for delay" under Rule 54(b).

The Nominal Defendants' posture as *de facto* plaintiffs is material here, given that a wrongful death action is "single joint [and] indivisible." *Smith v. Premier Alliance Ins. Co.*, 41 Cal. App. 4th 691, 696 (1995). Therefore, all potential claimants must be parties in a single proceeding. *Id.* Where omitted heirs refuse to consent to joinder, naming them as nominal defendants may be appropriate under the California Code of Civil Procedure. *See* Cal. Civ. Proc. Code § 382; *Estate of Kuebler v. Sup. Court*, 81 Cal. App. 3d 500, 503-504 (1978); *Smith*, 41 Cal. App. 4th at 697; *accord Ferraro v. Camarlinghi*, 161 Cal. App. 4th 509, 536-37 (2008) (probate action involving nominal defendants properly joined pursuant to Section 382).[3] However, *Ferraro* denied a motion for default judgment against nominal defendants because they were joined under Section 382 as a means to "protect the active parties to a lawsuit by effecting the involuntary joinder of a recalcitrant plaintiff. This ensures that the party so joined will be bound by any resulting adjudication." *Ferraro*, 161 Cal. App. 4th at 536.

Here, there is a reason for delay. The Motion seeks the entry of a counterintuitive judgment that provides no recovery, but instead a procedural basis to preclude the Nominal Defendants, who are not represented by counsel, from later seeking relief from either side in this action. As noted, the purpose of involuntarily joining the Nominal Defendants here was to "protect the active parties to [the] lawsuit." *Ferraro*, 161 Cal. App. 4th at 536. Plaintiff, Brookdale, and EmeriCare are still actively litigating this case, and for that reason, default judgment as to the Nominal Defendants is premature.

There is a more direct and appropriate means to address the legal issues that led Plaintiff to file the Motion. If the Plaintiff and Defendants reach a settlement, the Nominal Defendants could be signatories to the corresponding, written agreement. It could provide that they agree not to share in the proceeds, but nevertheless release their claims. If they were willing to sign the aforementioned declarations in this action whose effect was to have them forgo their claims, they presumably would be willing to do so again upon any resolution of the claims against Defendants.

Alternatively, if the matter proceeds on the merits, the Nominal Defendants could consent to being added as plaintiffs, and then stipulate to the dismissal of their claims with prejudice. Once again, this is not substantively different from their agreement to having the Motion granted.

Finally, as stated earlier, if this matter is resolved formally or informally, and if the Nominal Defendants

---

[3] As a general matter, in federal proceedings, the Federal Rules of Civil Procedure control, not those of the state whose substantive law forms the basis for a cause of action. *See Snead v. Metropolitan Property & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001); *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 426 (1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV17-02684 JAK (Ex) | Date | September 22, 2017 |
| Title | Denise Shuler, et al. v. EmeriCare Inc., et al. | | |

have declined to stipulate to the release of claims or their dismissal, the Motion could be renewed, with a reassessment of the *Eitel* factors based on the facts and circumstances then presented.

**IV.     Conclusion**

For the reasons stated in this Order, the Motion for Default Judgment as to the Nominal Defendants is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

                                                                                                                                                             :

Initials of Preparer     ak